**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BETTY S. FLYTHE,                          :
                                          :
    Plaintiff,                    :        Civil Action No.:        10-2021 (RC)
                                          :
    v.                            :        Re Document No.:        134
                                          :
DISTRICT OF COLUMBIA, *et al.*,           :
                                          :
    Defendants.                   :

## MEMORANDUM & ORDER

### GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO RETAX COSTS

## I.  INTRODUCTION

Plaintiff Betty Flythe brought a civil action against the District of Columbia and two police officers (Officer Vazquez and Officer Eagan) after her son was fatally shot during an encounter with the officers.  This Court granted summary judgment and dismissed the claims against Officer Eagan.  *See Flythe v. District of Columbia*, 994 F. Supp. 2d 50 (D.D.C. 2013). The remaining claims against Officer Vazquez and the District of Columbia proceeded to trial, where a jury returned a verdict in favor of Ms. Flythe.  *See* Jury Verdict, ECF No. 117.  Both Ms. Flythe and the District of Columbia appealed.  On appeal, the D.C. Circuit reversed this Court's grant of summary judgment in favor of Officer Eagan, but otherwise affirmed the jury's verdict in favor of Ms. Flythe.  *See Flythe v. District of Columbia*, 791 F.3d 13 (D.C. Cir. 2015).  Both parties filed bills of costs with the Court of Appeals seeking reimbursement for the cost of reproducing their appellate briefs and appendices.  The Court of Appeals awarded costs to Ms. Flythe to be taxed "only against appellee [Officer] Eagan," and it also awarded costs to Officer

Vazquez and the District of Columbia to be taxed against Ms. Flythe.  *See* Order, *Flythe v. District of Columbia*, No. 14-7069 (D.C. Cir. Sept. 4, 2015).

Ms. Flythe subsequently filed a bill of costs in this Court seeking $4,490.75 for certain costs she incurred on appeal, including costs for filing her notice of appeal and obtaining the transcripts necessary to litigate her appeal.  *See* Pl.'s Bill of Costs at 1, ECF No. 132. Defendants failed to object to Ms. Flythe's bill of costs within the requisite 14-day period, *see* Local Civ. R. 54.1(b), but belatedly sought leave to file a response to Ms. Flythe's bill of costs, *see* Defs.' Motion for Leave to File a Resp. to Pl.'s Bill of Costs, ECF No. 134; Def. Eagan's Praecipe, ECF No. 135 (joining the District's and Defendant Vazquez's motion).  In the interim, the Clerk of this Court taxed Ms. Flythe's costs against Defendant Eagan and the District of Columbia in the amount of $3,990.15.  *See* Bill of Costs, ECF No. 136.  As a result, the Court construed Defendants' Motion for Leave to File a Response to Plaintiff's Bill of Costs as a timely Motion to Retax Costs pursuant to Local Civil Rule 54.1(e).  *See* Oct. 6, 2015 Minute Order; *see also* Local Civ. R. 54.1(e); Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action.").

In their motion, Defendants argue that Ms. Flythe is not entitled to any of these costs because she is not the prevailing party on appeal.  Alternatively, they claim that Ms. Flythe is not entitled to $102.15 in unexplained copying costs.  *See* Defs.' Opp'n to Pl.'s Bill of Costs at 1–2 ("Defs.' Opp'n"), ECF No. 134-1.  For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion to Retax Costs.

## II.  ANALYSIS

Under Rule 39 of the Federal Rules of Appellate Procedure, certain "costs on appeal are taxable in the district court for the benefit of the party entitled to costs" under that rule.  *See* Fed.

R. App. P. 39(e).  Rule 39 awards costs in the following manner: "(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise; (2) if a judgment is affirmed, costs are taxed against the appellant; (3) if a judgment is reversed, costs are taxed against the appellee; (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders."  *See* Fed. R. App. P. 39(a).  Rule 39(a) mirrors the principle of Rule 54 of the Federal Rules of Civil Procedure that the prevailing party is generally entitled to costs as a matter of course.  *See Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1005 (D.C. Cir. 1982) (noting that the D.C. Circuit has "recognized this principle time and again"); *see also Am. Pub. Gas Ass'n v. Fed. Energy Regulatory Comm'n*, 587 F.2d 1089, 1098 (D.C. Cir. 1978).

When a judgment is affirmed in part and reversed in part, as in this case, Rule 39(a) directs that "costs are taxed only as the court orders."  Fed. R. App. P. 39(a)(4).  Once a party is awarded costs by the appellate court pursuant to Rule 39(a)(4), however, that party is considered a prevailing party and is entitled to seek costs in the district court under Rule 39(e).[1]  *See L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010) ("[O]nce a party is entitled to costs, whether pursuant to Rules 39(a)(1) through (3), or by order of the appellate court under Rule 39(a)(4), it is entitled to seek costs in the district court pursuant to Rule 39(e).").  Here, the

---

[1] It may not be true in all cases that a party will be entitled to costs under Rule 39(e) when a judgment is affirmed in part and reversed in part.  There is a split of authority concerning whether "the court" referenced in Rule 39(a)(4) refers to the appellate court or the district court.  More specifically, the courts of appeals are split on whether a district court retains discretion to tax costs under Rule 39(e) after a judgment has been affirmed in part or reversed in part even if the court of appeals has declined to award costs or has not expressly stated which party, if any, should be awarded costs.  *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905-RMW, 2012 WL 95417, at *2 (N.D. Cal. Jan. 11, 2012) (discussing circuit split and collecting cases). The D.C. Circuit has not addressed this issue.  But because the circuit expressly awarded Ms. Flythe a portion of her appellate costs in this case, thereby entitling her to seek costs under Rule 39(e) in this Court, that conflict among circuits is irrelevant here.

Court of Appeals awarded Ms. Flythe $1,006.87 in costs against Officer Eagan. *See* Order, *Flythe v. District of Columbia*, No. 14-7069 (D.C. Cir. Sept. 4, 2015). Therefore, because the Court of Appeals awarded Ms. Flythe costs under Rule 39(a)(4), she is a prevailing party, at least against Officer Eagan, for purposes of taxing appellate costs in this Court under Rule 39(e).

Defendants argue that Ms. Flythe is not a prevailing party—and thus not entitled to any costs—because she "has not yet obtained any relief against [Officer Eagan]." *See* Defs.' Opp'n at 1. Not so. Defendants conflate the question of whether Ms. Flythe will obtain a favorable outcome in any subsequent proceedings in this court with the distinct question of whether Ms. Flythe has prevailed *on appeal*—only the latter of which is relevant for purposes of taxing appellate costs under Rule 39(e). In securing reversal of this Court's summary judgment determination, Ms. Flythe prevailed in her appeal. As other courts have similarly held, "an order taxing appellate costs is effective immediately, and is not dependent upon the ultimate outcome of the case on remand." *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905-RMW, 2012 WL 95417, at *3 (N.D. Cal. Jan. 11, 2012); *accord Meyers v. Balt. Cnty., Md.*, No. 10-549, 2014 WL 1348007, at *3 (D. Md. Apr. 3, 2014). For that reason, the single case that Defendants cite—which concerned whether a party was a prevailing party *at trial* under the relevant statutes—is inapposite. *See* Defs.' Opp'n at 1 (citing *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.-MDL 1798*, 751 F.3d 629, 634–35 (D.C. Cir. 2014)).

The District of Maryland's decision in *Meyers* is particularly instructive here. In that case, the plaintiffs had brought suit against Baltimore County and three of its police officers, alleging that the officers used excessive force resulting in the death of Ryan Meyers. *Meyers*, 2014 WL 1348007, at *1. After the district court granted summary judgment in favor of all defendants, the Fourth Circuit reversed the entry of summary judgment against one of the

defendant officers on appeal and also awarded costs to plaintiffs. *Id.* Despite their victory in the appellate court, the plaintiffs were unsuccessful on remand: the jury returned a verdict in favor of the officer against whom summary judgment had been reversed. *Id.* In his post-trial bill of costs, the prevailing officer then sought reimbursement for the appellate costs that had been previously taxed by the Fourth Circuit. *Id.* The district court rejected that claim, holding that "[w]ithout question . . . plaintiffs prevailed on appeal" against the officer, and that the "Fourth Circuit's award was not contingent on the outcome of the case on remand." *Id.* at *3. "Put another way," the court explained, "plaintiffs' entitlement to appellate costs was not extinguished because defendant ultimately prevailed at trial." *Id.*

So too, here. Summary judgment against Officer Eagan was reversed on appeal, and the D.C. Circuit awarded Ms. Flythe appellate costs under Rule 39(a)(4), which makes her a "party entitled to costs under" Rule 39(e). Whatever the ultimate outcome of Ms. Flythe's claims against officer Eagan, that result will not negate the fact that Ms. Flythe was a prevailing party on appeal. Therefore, Ms. Flythe is entitled to those costs "taxable in the district court" under Rule 39(e). *See* Fed. R. App. P. 39(e).

In a passing sentence, Defendants argue that "even if Ms. Flythe had prevailed against Mr. Eagan, she has not shown that it would be reasonable to impose the full amount of requested costs given, once again, that she lost her appeal as against two of the three defendants." Defs.' Opp'n at 1. To be sure, the Court of Appeals did not award Ms. Flythe the full amount of the costs she sought—although the Circuit's exact calculation is not readily discernable from its order. *See* Amended Bill of Costs at 1–2, *Flythe v. District of Columbia*, No. 14-7069 (D.C. Cir. July 29, 2015) (seeking $3,263.07 in costs); Order, *Flythe v. District of Columbia*, No. 14-7069 (D.C. Cir. Sept. 4, 2015) (awarding only $1,006.87 in costs "and taxed only against appellee

Eagan").  But Defendants do not further develop this argument or cite any authority in support of their contention that the costs Ms. Flythe seeks in this court should be similarly reduced.  Nor have Defendants otherwise argued that the costs Ms. Flythe seeks should be reduced proportionally in relation to the extent to which she prevailed on appeal, attempted to offer a cogent calculation to the Court, or raised the possibility that costs should be taxed only against Officer Eagan because the Circuit taxed Ms. Flythe's costs "only against appellee Eagan."  *See, e.g.*, *A Quaker Action Grp. v. Andrus*, 559 F.2d 716, 719 (D.C. Cir. 1977) (determining what percentage of appellate costs should be awarded to plaintiffs based on the extent to which they prevailed on each claim).  Therefore, the Court deems any such arguments waived.  *See Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) ("[I]t is not the obligation of this Court to research and construct the legal arguments available to the parties.  To the contrary, perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." (internal quotation marks and citations omitted)); *see also Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).

In the alternative, Defendants object to Ms. Flythe's request for $102.15 in unexplained copying costs.  Defs.' Opp'n at 2.  Ms. Flythe entirely fails to respond to this argument in her reply, so the Court deems it conceded.  *See, e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003).  In any event, a party's copying costs are not listed in Rule 39(e) among the categories of costs incurred on appeal that are "taxable in the district court."  *See* Fed. R. App. P. 39(e).  Therefore, the Court will direct the clerk to strike the $102.15 in copying costs listed on Ms. Flythe's Bill of Costs.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Retax Costs.  It is hereby:

**ORDERED** that the Clerk of this Court shall strike Plaintiff's request for $102.15 in copying costs from her Bill of Costs; and it is

**FURTHER ORDERED** that the Clerk shall retax Plaintiff's Bill of Costs in the amount of $3,888.60.[2]

**SO ORDERED**.

Dated:  April 29, 2016                                                    RUDOLPH CONTRERAS
                                                                                United States District Judge

---

[2] A computational error appears to have resulted in 60 cents being incorrectly withheld from the Clerk's original taxation of costs.  *See* Bill of Costs, ECF No. 136.  The Court has corrected that error in its award.